


STATE OF OHIO
IN THE COURT OF COMMON PLEAS OF LAKE COUNTY
CIVIL DIVISION

**STEFANI ROSSI REO**
P.O. Box 5100
Mentor, OH 44061

Plaintiff,

v.

**MARTIN LINDSTEDT**
338 Rabbit Track Road
Granby, MO 64844

Defendant.

**19CV001466**
**PATRICK J. CONDON**

**REO LAW LLC**
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(B): (216) 505-0811
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Stefani Rossi Reo*

**PLAINTIFF'S COMPLAINT**
**(JURY DEMAND ENDORSED HEREON)**

STEFANI ROSSI REO (Plaintiff), alleges the following against MARTIN LINDSTEDT (Defendant):

## I. INTRODUCTION

1. Plaintiff sues Defendant in the instant civil action for tortious conduct related to Defendant's campaign of cyber harassment and defamation per se against Plaintiff via the World Wide Web.

## II. PARTIES

2. Plaintiff is a natural person who resides in Mentor, Lake County, Ohio. For purposes of Plaintiff's causes of action against Defendant, Plaintiff is a non-public figure.

3. Defendant is a natural person of the State of Missouri who resides at 338 Rabbit Track Road, Granby, MO 64844.

## III. JURISDICTION AND VENUE

4. This Court enjoys subject matter jurisdiction over the instant civil action because the amount in controversy exceeds five hundred dollars ($500.00). R.C. § 2305.01.

5. This Court enjoys personal jurisdiction over Defendant because Defendant caused tortious injury to Plaintiff in the State of Ohio by an act outside of the State of Ohio that was committed by Defendant with the purpose of injuring Plaintiff when Defendant might reasonably have expected that Plaintiff would be injured in the State of Ohio. R.C. § 2307.382(A)(6); Civ.R. 4.3(A)(9); *Kauffman Racing Equip., L.L.C., v. Roberts*, 126 Ohio St.3d 81, (Ohio 2010) (holding that a non-commercial website intentionally used to defame an Ohio resident provides Ohio courts personal jurisdiction over foreign tortfeasor).

6. Venue is proper with this Court because Plaintiff resides in Lake County, State of Ohio, and the Court's personal jurisdiction over Defendant exists via Civ.R. 4.3. Civ.R. 3(B)(7).

## IV. STATEMENT OF FACTS

7. Defendant has a long history of libeling Plaintiff's husband Bryan Anthony Reo and Defendant lost a jury trial in the consolidated cases of 16CV000825 and 15CV001590 with a verdict being rendered in favor of Plaintiff's husband on claims of defamation per se and false light on 6/26/2019 for libel that occurred throughout 2015 and 2016. The jury awarded Plaintiff's

husband $105,000.00 against Defendant Martin Lindstedt and $400.00 against his so-called church.

8. Defendant has since shifted focus from only defaming Plaintiff's husband ("Bryan Anthony Reo") to now defaming Plaintiff ("Stefani Rossi Reo") and Plaintiff's father-in-law ("Anthony Domenic Reo").

9. Defendant has taken a public post from the Quora forum wherein Plaintiff's husband discussed marital difficulties and cultural issues that existed between Plaintiff and Plaintiff's husband, and the previous joint petition for dissolution [since withdrawn] and cast the marital difficulties into a false light.

10. Defendant has claimed that Plaintiff's husband is having a homosexual incestuous affair with Plaintiff's father-in-law [Plaintiff's husband's father].

11. Defendant has claimed that Plaintiff's marriage had difficulties because Plaintiff is a transgender prostitute from Brazil, who Defendant claims does not have a real vagina and that Plaintiff's husband is a homosexual.

12. Plaintiff is not a transgender, not a prostitute, and has proper female genitalia.

13. Plaintiff's husband is not a homosexual.

14. Plaintiff's husband has not had a homosexual affair with his own father or with any man. Plaintiff's husband has not had any affair of any sort.

15. The marital difficulties in Plaintiff's marriage had nothing to do with any infidelity on the part of her husband or herself.

16. The marital difficulties in Plaintiff's marriage had nothing to do with any issues of Plaintiff not being an actual woman.

17. Defendant has cast Plaintiff and her marital difficulties into a false light that would be seen as objectionable to any reasonable or normal individual based on the false light in which the circumstances were portrayed.

18. Defendant's claim that Plaintiff is a transsexual prostitute who should be deported back to Brazil is defamatory per se. Prostitution is a crime and it is a crime of moral turpitude.

19. Plaintiff has never been charged with any crime.

20. Plaintiff has never committed any act of prostitution.

21. Defendant has also stated that Plaintiff is barren and incapable of conceiving a child, casting into false light the issues Plaintiff is having due to her fears of motherhood and her present hesitancy to have a child, not issues of Plaintiff being barren or unable to have a child.

22. Defendant has caused injury to Plaintiff in excess of five hundred thousand dollars ($500,000.00).

## V. TRIAL BY JURY DEMANDED

23. Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right. Civ.R. 38.

## VI. CAUSES OF ACTION

### COUNT I
### COMMON LAW DEFAMATION

24. The foregoing paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

25. Defendant published false and defamatory statements about Plaintiff to third-parties via the medium of the World Wide Web.

26. Defendant's false and defamatory statements about Plaintiff were made by Defendant without privilege.

27. Defendant acted with at least negligence in making false and defamatory statements about Plaintiff.

28. Defendant failed to act reasonably in attempting to discovery the truth or falsity or defamatory character of Defendant's publication about Plaintiff.

29. Defendant's false and defamatory statements about Plaintiff are defamatory per se insofar as said statements reflect upon the character of Plaintiff by bringing him into ridicule, hatred, or contempt, and affects Plaintiff injuriously in his future trade or profession.

30. Defendant's false and defamatory statements about Plaintiff are defamatory per se to the extent that most of the statements in question are allegations or accusations of criminal conduct in violation of various sections in the Ohio Revised Code. Statements that impugn the chastity of a woman are also defamatory per se.

31. Defendant committed against Plaintiff the common law tort of libel per se.

**COUNT II**
**COMMON LAW INVASION OF PRIVACY – FALSE LIGHT**

32. The foregoing paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

33. Defendant made false and derogatory statements about Plaintiff that Defendant publicized via the medium of the World Wide Web.

34. The false and derogatory statements made by Defendant about Plaintiff placed Plaintiff before the public in a false light.

35. The false and derogatory statements made by Defendant about Plaintiff are highly offensive to a reasonable person.

36. Defendant is at fault and knew or acted with recklessness as to the truth of the statements made by Defendant that concern Plaintiff.

37. As a direct and proximate result of Defendant's statements about Plaintiff, Plaintiff has been and will continue to suffer damages in the form of mental anguish and reputational injury.

38. Defendant committed against Plaintiff the tort of invasion of privacy – false light.

**COUNT III**
**COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

39. The foregoing paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

40. By and through publishing false statements of fact about Plaintiff to third-parties via the medium of the World Wide Web, Lindstedt engaged in extreme and outrageous conduct.

41. Lindstedt acted with an intentional or reckless *scienter* when Lindstedt published false statements of fact about Plaintiff.

42. Due directly and proximately to Lindstedt publishing false statements of fact about Plaintiff, Plaintiff has suffered severe emotional distress in the form of vexation, irritation, anxiety, frustration, and hatred.

43. Lindstedt is liable to Plaintiff for common law intentional infliction of emotional distress.

**COUNT IV**
**PERMANENT INJUNCTION**

44. The foregoing paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

45. Some or all of the improper and unlawful conduct of Defendant is continuing and will continue in the future absent injunctive relief from the Court, and Plaintiff will continue to be damaged by the same.

46. In the absence of the entry of a permanent injunction by the Court, Plaintiff will suffer serious and irreparable harm and injury, including but not limited to damage to Plaintiff's reputation.

47. The entry of a permanent injunction will not unduly harm or burden Defendant because Defendant is required as a matter of law to refrain from tortiously harming Plaintiff's reputation via the World Wide Web.

48. Public policy favors the entry of a permanent injunction because such relief will prevent unlawful conduct and will preserve and protect Plaintiff's reputation from further injury.

49. Plaintiff has no adequate remedy available at law unless he is expected to continue to file civil actions against Defendant each and every time Defendant further defames Plaintiff.

50. Plaintiff is entitled to a permanent injunction in which Defendant is compelled to remove from the World Wide Web and not republish thereto any and all derogatory materials Defendant or Defendant's agents published there about Plaintiff.

**VI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court will enter judgment against Defendant Martin Lindstedt in Plaintiff's favor in an amount of money that exceeds five hundred thousand dollars ($500,000.00) for general and special damages, award Plaintiff punitive damages against Defendant in an amount the Court deems just and proper, award Plaintiff all costs associated with maintaining the instant civil action, award Plaintiff all pretrial and post-trial interest on any and all monetary relief awarded to Plaintiff, award Plaintiff injunctive relief by ordering Defendant to remove from the World Wide Web and not republish thereto derogatory or invasive materials about Plaintiff that Defendant or Defendant's agents published about Plaintiff, and will award Plaintiff all other relief to which Plaintiff is entitled as a matter of law or equity.

Respectfully submitted,

Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Plaintiff Stefani Rossi Reo*

**JURY DEMAND ENDORSED HEREON**

Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right. Civ.R. 38.