IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEFANI ROSSI REO, ) | Case No. 1:19-cv-2786 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| MARTIN LINDSTEDT, ) | |
| ) | |
| Defendant. ) | **REPORT & RECOMMENDATION**[1] |
| ) | |

On December 15, 2019, Plaintiff Stefani Rossi Reo ("Reo") filed a motion to strike Defendant Martin Lindstedt's ("Lindstedt") answer/counterclaim and/or for a more definite statement. ECF Doc. 7. Reo claims that Lindstedt's filing contains redundant, immaterial, impertinent and scandalous material. She also argues that, although he is not an attorney, he is attempting to represent another entity as a counterclaimant, the Church of Jesus Christ Christian/Aryan Nations of Missouri. Alternatively, Reo requests that the court require Lindstedt to provide a more definite statement.

On December 30, 2019 Lindstedt filed "Defendants Answer to Bryan Reo's Series of Ongoing Frivolous Motions to Strike" and a "More Definite Plain Answer Against Bryan Reo

---

[1] I submit this report and recommendation because Reo's motion to strike is dispositive of Lindstedt's attempted answer. *Ruffin v. Frito-Lay, Inc.*, no. 09-cv-14664, 2010 U.S. Dist. LEXIS 66268, 2010 WL 2663185, at *1 (E.D. Mich. June 10, 2010); *Del-Nat Tire Corp. v. A to Z Tire & Battery, Inc.,* no. 09-2457, 2009 U.S. Dist. LEXIS 114337, 2009 WL 4884435, at *2 (W.D. Tenn. Dec. 8, 2009); *Specialty Minerals, Inc. v. Pluess-Staufer AG*, 395 F. Supp. 2d 109, 111 (S.D.N.Y. 2005) ("motion to strike an affirmative defense is clearly 'dispositive of a ... defense of a party.'"); *United States v. Davis,* 794 F. Supp. 67, 68 (D.R.I.1992) ("[a]n order striking affirmative defenses is dispositive of those defenses ...").

and Reo Counter-Defendants Given as Well." ECF Doc. 8. On January 2, 2020, Reo filed another Motion to Strike. ECF Doc. 9. She contends that the court should strike Lindstedt's response to the motion to strike and proposed amended answer because he continues to attempt to represent another entity, his amended answer is incoherent, and he did not sign it.[2]

This case was removed from Lake County Court of Common Pleas to this court on November 26, 2019. ECF Doc. 1. On December 10, 2019, Lindstedt filed an answer and purported counterclaim against Stefani Rossi Reo. ECF Doc. 6. Lindstedt's lengthy filing contains many derogatory terms and insults directed at plaintiff, her family and other unrelated individuals. His response to the motion to strike and proposed amended answer also contains derogatory terms and insults and is purportedly filed on behalf of both Lindstedt and another entity. This matter was referred to the undersigned for pretrial supervision on December 10, 2019. ECF Doc. 5. This court recently adopted a similar report and recommendation in *Bryan Reo v. Lindstedt,* Case No. 1:19-cv-02589.

Because Lindstedt's answer does not comply with Fed. R. Civ. P. 8 and because his filings contain insufficient defenses and redundant, immaterial, impertinent and scandalous matter, the undersigned hereby recommends that the court GRANT Reo's unopposed motions to strike (ECF Doc. 7 and ECF Doc. 9) and require Lindstedt to file an answer containing a short and plain statement of his grounds for relief and his defenses to Reo's claims, minus the redundant, immaterial, impertinent and scandalous statements asserted in his previously filed

---

[2] It is not at all clear whether the purported amended answer still contains a counterclaim since none seems to have been asserted specifically. However, Lindstedt still refers to his church as if it was a party. Because the church is not a defendant, but only a purported counterclaim plaintiff, the court assumes – giving Lindstedt the benefit of liberal construction of *pro se* pleadings – that he intended to assert a claim on behalf of the church.

answer and response to motion to strike, in accordance with the Federal Rules of Civil Procedure.

Lindstedt should also be advised that, because he is not a lawyer, he is not permitted to represent any person or entity other than himself in this lawsuit. *Zanecki v. Health Alliance Plan,* 576 F. App'x 594, 595 (6th Cir. 2014). Should Lindstedt not file a proper answer within 14 days of the court's order, an award of default judgment against Lindstedt may be warranted.

IT IS SO ORDERED.

Dated: January 21, 2020

Thomas M. Parker
United States Magistrate Judge

_____

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).