# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **STEFANI ROSSI REO,** | ) | **CASE NO. 1:19CV2786** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **MARTIN LINDSTEDT,** | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court upon Plaintiff's Motion to Strike Defendant's Answer and/or for a More Definite Statement (ECF # 7) and Motion to Strike Defendant's Answer to Bryan Reo's Series of Ongoing Frivolous Motions to Strike. (ECF # 9). For the following reasons, the Court adopts the Magistrate Judge's Report and Recommendation (ECF # 10) and orders Defendant to file a compliant Answer within fourteen days of receipt of this Order.

The above-captioned case was removed from Lake County Court of Common Pleas to this Court on November 26, 2019. On December 10, 2019, Defendant Lindstedt filed an Answer and purported Counterclaim that contains a number of derogatory statements and insults directed at Plaintiff, her family and other individuals. Defendant's response to

Plaintiff's Motion to Strike also contains derogatory statements and insults. This response was purportedly filed on behalf of both Lindstedt and another entity. The case was referred to the Magistrate Judge on December 10, 2019 for pretrial supervision.

In her Motions, Plaintiff argues Defendant's Answer should be stricken due to its scandalous and impertinent insults, vague references to an unspecified and indeterminate counterclaim and third-party complaint and due to Defendant's improper attempts to practice law by representing a non-party despite the fact that Defendant is not an attorney.

On January 21, 2020, the Magistrate Judge issued his Report and Recommendation, recommending that the Court grant the Motions to Strike. The Magistrate Judge further recommends that the Court require Defendant to file an Answer containing a short, plain statement of his grounds for relief and his defenses to Plaintiff's claims, minus the redundant, immaterial, impertinent and scandalous statements previously asserted is his responses. The Magistrate Judge also recommends the Court advise Defendant that because he is not a lawyer he cannot represent any person or entity other than himself in the lawsuit. Lastly, the Magistrate recommends that the Court order Defendant to file his compliant Answer no later than fourteen days from the receipt of the Court's Order or face default judgment.

On February 7, 2020, Defendant filed his Objections to the Magistrate Judge's Report and Recommendation. Defendant recounts the history of the litigation between himself and the Reo's and includes many of the same representations objected to by Plaintiff. Defendant contends that nothing he says will make Plaintiff's stop filing motions to strike but he asks alternatively for leave to modify or amend his Answer & Counterclaims to drop his church as a party but join additional third-parties as presumably third-party defendants.

**<u>Standard of Review</u>**

A district court reviews de novo any finding or recommendations of the magistrate judge's report and recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1)(c); 28 U.S.C. § 2254, Rule 8(b); Loc. R. 72.3(b). A party may not file a general objection to the entirety of the magistrate's report. *Ayers v. Bradshaw,* 2008 WL 906100, at*1 (N.D. Ohio Mar. 31, 2008) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d505, 508-09 (6th Cir. 1999)). "For an objection to be sufficiently specific, the petitioner must direct 'the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position.'" *Ayers*, at *2 (quoting *Neuman v. Rivers,* 125 F.3d 315, 323 (6thCir. 1997)).

Having reviewed the Report and Recommendation along with the Objections to the same, the Court adopts the Magistrate Judge's recommendation and grants Plaintiff's Motions to Strike. The Court finds Defendant's Answer does not comply with Fed. R. Civ. P. 8 and orders him to file a compliant Answer containing a plain statement of his grounds for relief and his defenses absent the redundant, immaterial, impertinent and scandalous statements asserted in both his Answer and opposition to the Motions to Strike. Defendant's generalized objections to the Report and Recommendation and his attacks on the Rules of Civil Procedure as "monkey-talk" are insufficient to meet the standard necessary for the Court's *de novo* review of the Magistrate Judge's well-reasoned recommendations.

Therefore, for the foregoing reasons, the Court adopts the Magistrate Judge's Report and Recommendation (ECF # 10); grants Plaintiff's Motions to Strike (ECF #'s 7 & 9) and orders Defendant to file a compliant Answer within fourteen days of receipt of this order.

Failure to comply may result in Defendant being subject to a default judgment. Defendant is also advised that as a non-lawyer he cannot represent other individuals or entities.

IT IS SO ORDERED.


Date: February 13, 2020          /s/Christopher A. Boyko
                                  CHRISTOPHER A. BOYKO
                                  Senior United States District Judge