IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Stefani Rossi Reo, | ) | Case No. 1:19cv2786 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| Martin Lindstedt, | ) | |
| | ) | |
| Defendant. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

## I.    Introduction

On July 27, 2020, plaintiff, Stefani Rossi Reo ("Reo"), filed a motion for summary

judgment against defendant, Martin Lindstedt ("Lindstedt").[1]  ECF Doc. 26.  Reo's motion is

premised on Lindstedt's failure to respond to requests for admission, which Reo argues are

deemed admitted pursuant to Fed. R. Civ. P. 36(b).  Lindstedt has not moved to withdraw his

admissions, but has filed multiple responses to the motion for summary judgment wherein he

purports to have withdrawn them without leave of court.  This matter was referred to me for

pretrial supervision including the issuance of reports and recommendations for disposition of

case-dispositive motions.  ECF Doc. 10.

---

[1] Contemporaneously with this report and recommendation, I have issued a very similar report and
recommendation in *Bryan Anthony Reo v. Lindstedt*, 1:19cv2589, on claims about some of Lindstedt's
published statements about Bryan Anthony Reo.  The reports and recommendations are similar because
the cases assert the same claims and the motions for summary judgment assert the same arguments and
are based on the same law.

Because, by application of Fed. R. Civ. P. 36, Lindstedt has admitted all of the allegations in Reo's complaint, I recommend that the Court Grant Reo's motion for summary judgment on the liability portions of Count I and II of her complaint.  In the interest of consistency with other cases pending in the Norther District of Ohio, 1:19-cv-2013 and 1:19cv2589, I further recommend that the Court exercise its discretion and permit Lindstedt to withdraw his admissions as they relate to damages on Counts I and II and that the Court DENY summary judgment on Count III of Reo's Complaint.  Finally, because there are adequate remedies at law and because a permanent injunction would likely require unnecessary, ongoing supervision by this Court, I recommend that the Court DENY Reo's motion for summary judgment on her Count IV demand for a permanent injunction.

## II.    Background

Reo resides in Lake County, Ohio, and is married to Bryan Anthony Reo.  Lindstedt is a pastor at the Church of Jesus Christ Christian/Aryan Nations of Missouri located in Granby, Missouri.  ECF Doc. 1.  Previously, Bryan Anthony Reo filed a lawsuit against Lindstedt and his church in Lake County Court of Common Pleas for libel and false light for statements made by Lindstedt in 2015 and 2016 ("The Lake County litigation").  ECF Doc. 1 at ¶7.  The Lake County litigation resulted in a $105,000.00 jury verdict in Bryan Anthony Reo's favor against Lindstedt and his church in June 2019.  ECF Doc. 1 at ¶7.  Lindstedt has appealed to the Ohio Court of Appeals.[2]  ECF Doc. 17 at 27.

The instant lawsuit involves claims arising from allegedly defamatory statements made by Lindstedt about Stefani Rossi Reo after the judgment was issued in the Lake County litigation.  Reo alleges that, among other defamatory statements, Lindstedt has published false

---

[2] Lindstedt has filed several appeals related to the Lake County litigation.

statements about difficulties in her marriage; that she is "a transgender prostitute;" and that her husband is a homosexual.  ECF Doc. 1-2 at ¶11.  She also claims that Lindstedt has published statements that she is barren and incapable of having a child.  ECF Doc. 1-2 at ¶21.  Bryan Anthony Reo filed four actions against Lindstedt in the state court, two on his own behalf, the instant lawsuit on behalf of his wife, Stefani Rossi Reo, and another lawsuit on behalf of his father, Anthony Domenic Reo.  Lindstedt subsequently removed all four cases pursuant to 28 U.S.C. § 1441 on federal question and diversity grounds.

In this action, based on the statements Stefani Reo alleges were made by Lindstedt, Reo's complaint asserts a common law claim for defamation (Count I), a common law claim for invasion of privacy (Count II), a common law claim for intentional infliction of emotional distress (Count III) and a claim for a permanent injunction (Count IV).[3]

I have issued a separate report and recommendation in *Bryan Anthony Reo v. Lindstedt*, 1:19cv2589, on claims about some of Lindstedt's published statements about Bryan Anthony Reo.  Another lawsuit, pending before Judge Solomon Oliver, *Bryan Anthony Reo v. Martin Lindstedt,* 1:19-cv-2103, involves different statements published by Lindstedt during and after the Lake County judgment was issued.  Reo asserted the same four causes of action in that case, plus a "claim" for punitive damages, albeit related to different allegedly defamatory statements.  On September 28, 2020, Judge Oliver granted summary judgment in favor of Reo with respect to liability on four of the five claims asserted in that case.  Judge Oliver denied summary judgment on Reo's claim for intentional infliction of emotional distress and on the damages portion of the remaining claims.  See *Bryan Anthony Reo v. Martin Lindstedt,* 1:19-cv-2103, ECF Doc. 44.

---

[3] These are the same claims asserted by Bryan Anthony Reo in 1:19cv2589.

## III.    Parties' Arguments

In the instant case, Reo served Lindstedt with discovery requests, including requests for admission, on May 15, 2020.  Lindstedt's responses were due on or about June 15, 2020.  See Fed. R. Civ. P. 36 (a)(3).  Lindstedt did not respond to Reo's discovery requests in a timely manner.  However, on November 9, 2020 – months after his response deadline – Lindstedt filed consolidated answers to Reo's discovery requests and attempted to "withdraw[] silent admissions."  ECF Doc. 36.

Despite having been advised of the benefit to retaining counsel, Lindstedt represents himself in this and the related lawsuits.  Lindstedt has filed several documents in this action containing racial and gender-based slurs, some appearing to assert express or implied threats, and he continues to make insulting allegations against Bryan Anthony Reo and other individuals.[4] See, e.g., ECF Doc. 34, ECF Doc. 36.

On September 4, 2020, the court conducted a telephone conference with the parties. Following the telephone conference, the court issued an order permitting Lindstedt to conduct any discovery necessary to respond to Reo's motion for summary judgment on or before November 9, 2020.  ECF Doc. 31.  On November 9, 2020, Lindstedt filed a consolidated opposition reply brief to Reo's motion for summary judgment.  ECF Doc. 36.  Lindstedt argues that he has withdrawn his admissions and that Reo is not entitled to summary judgment on her claims.  Unfortunately, Lindstedt's response contains still more scandalous allegations, unnecessary to his defense.

---

[4] I have already issued three reports and recommendations in 1:19cv2589 addressing some of the claims that Lindstedt has attempted to assert against other individuals in that case.

## IV.     Standard of Review

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Summary judgment is appropriate when, construing the evidence in favor of the non-movant, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Goodson v. Brennan,* 688 F. App'x 372, 376 (6th Cir. 2017), citing *Emp'rs Ins. of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 101-02 (6th Cir. 1995).   Under Fed. R. Civ. P. 36, an admitted matter is conclusively established unless the court, on motion, permits "withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). Fed. R. Civ. P. 36 permits one party to request admissions as to a broad range of matters by another party, including ultimate facts and the application of law to fact. *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009).  Further, such conclusive admissions "cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the record." *Id., citing Williams v. Wells Fargo Bank, N.A.,* 560 F. App'x 233, 244 (5th Cir. 2014).

## V.     Analysis

### A.     Defamation

Reo's Count I claim alleges common law defamation.  ECF Doc. 1-2 at 4.  "To establish defamation, the plaintiff must show (1) that a false statement of fact was made, (2) that the statement was defamatory, (3) that the statement was published, (4) that the plaintiff suffered injury as a proximate result of the publication, and (5) that the defendant acted with the requisite degree of fault in publishing the statement." *List v. Driehaus,* 779 F.3d 628, 633 (6th Cir. 2015),

(quoting *Am. Chem. Soc. v. Leadscope, Inc*., 133 Ohio St. 3d 366, 2012-Ohio-4193, 978 N.E.2d

832, 852.)

Reo's requests for admission include the following:

**REQUEST FOR ADMISSION NO. 3:**  Please admit that at all times relevant to the controversy described within Plaintiff's Complaint, Defendant purposefully acted in a tortious manner so as to cause Plaintiff to suffer damages in the State of Ohio.

**REQUEST FOR ADMISSION NO. 4:**  Please admit that throughout June 2019 to October 2019, Defendant published on the worldwide web a false and defamatory statement alleging that Plaintiff had worked as a prostitute and had met her husband Bryan Anthony Reo in the context of prostitution.

**REQUEST FOR ADMISSION NO. 5:**  Please admit that prostitution is a crime in Ohio.

**REQUEST FOR ADMISSION NO. 8:**  Please admit that Plaintiff never engaged in prostitution.

**REQUEST FOR ADMISSION NO. 11:**  Please admit that you possess no evidence to support the alleged truth of any of the allegedly defamatory statements that give rise to Plaintiff's complaint in the instant action.

**REQUEST FOR ADMISSION NO. 15:**  Please admit that Defendant is liable to Plaintiff for defamation for the reasons articulated in Paragraphs 7 through 31 of Plaintiff's Complaint.

**REQUEST FOR ADMISSION NO. 22:**  Please admit that for purposes of First Amendment jurisprudence, Plaintiff is a non-public figure.

**REQUEST FOR ADMISSION NO. 23:**  Please admit that for the reasons set forth within Plaintiff's Complaint, Plaintiff suffered $250,000.00 in general damages due to Defendant's tortious conduct.

**REQUEST FOR ADMISSION  NO. 24:**  Please admit that for the reasons set forth within Plaintiff's Complaint, [] it would be just and proper for Plaintiff to be awarded $250,000.00 in punitive damages against Defendant due to Defendant's willful and malicious misconduct.

ECF Doc. 26 at 9-11.  Under Fed. R. Civ. P. 36, Lindstedt did not timely respond to these

requests and has, therefore, by application of the rule, admitted to having published defamatory

statements that Reo engaged in criminal activity[5] and that the publication of the false statements resulted in a specific amount of damages.[6]  He has also admitted that Reo is not a public figure. Consequently, Reo would be entitled to summary judgment on her Count I claim for defamation.

Fed. R. Civ. P. 36(b) permits the court, upon motion, to allow the withdrawal or amendment of an admission.  "A 'district court has considerable discretion over whether to permit withdrawal or amendment of admissions.'"  *Kerry Steel, Inc. v. Paragon Indus.,* 106 F.3d 147, 154 (6th Cir. 1997) (quoting *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke,* P.C., 930 F.2d 1117, 1119 (5th Cir. 1991)).  In exercising its discretion, however, the Court must follow Rule 36(b)'s instruction that withdrawal or amendment if proper only if (1) "it would promote the presentation of the merits of the action" and (2) it would not cause prejudice to the party who requested the admissions "in maintaining or defending the action on the merits."  Fed. R. Civ. P. 36(b).  "Prejudice under Rule 36(b) . . . 'relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission.'" *Kerry Steel*, 106 F.3d at 154 (quoting *AAA v. AAA Legal Clinic of Jefferson Crooke*, P.C., 930 F.2d 1117, 1120 (5th Cir. 1991).

Here, Lindstedt has not moved to withdraw his admissions as required under Fed. R. Civ. P. 36(b); and in *Goodson v. Brennan,* the Sixth Circuit held that the *sua sponte* exercise of the

---

[5] "A [statement] that accuses a person of committing a crime is [defamation] per se."  *Gosden v. Louis,* 116 Ohio App.3d 195, 207, 687 N.E.2d 481 (1996).

[6] "Defamation falls into two categories, defamation *per quod* or *per se*.  In defamation *per quod,* a publication is merely capable of being interpreted as defamatory and the plaintiff must allege and prove damages.  Defamation *per se* occurs if a statement, on its face, is defamatory.  When a statement is defamatory *per se*, a plaintiff 'may maintain an action for [defamation] and recover damages, without pleading or proving special damages.  Damages are presumed.'" *Hoffman v. O'Malley,* 2019 U.S. Dist. LEXIS 18355 at 8 (N.D. Ohio, Feb. 5, 2019) (quoting *Kendel v. Local 17-A United Food & Commercial Workers,* 835 F. Supp.2d 421, 433 (N.D. Ohio 2011)).  Here, Lindstedt's statements are clearly defamation *per se.*  By application of Fed. R. Civ. P. 36, he has made admissions which make the Court's determination straight-forward.  And, the Rule expressly provides that it is proper for a request for admission to seek not only an admission of facts, but also an admission of application of law to a fact. Fed. R. Civ. P. 36(a)(1)(A).

court's discretion under Rule36(b) would "contravene[] the plain language of Rule 36."
*Goodson,* 688 F. App'x at 375.  The Court could refuse to permit Lindstedt to withdraw his admissions on this basis alone.

Moreover, even if Lindstedt had moved to withdraw his admissions, permitting him to withdraw them at this stage of the case would prejudice Reo's ability to prosecute her case on the merits.  Lindstedt continues to file insulting statements against Reo, and he has shown no intention to stop.  For example, in one of his filings in this case, Lindstedt made such insulting comments about Reo that I have chosen not to restate them here.  *See* ECF Doc. 27 at 3. Lindstedt's defense "strategy" to the Reos' current lawsuits demonstrates that, despite a judgment already having been issued against him in Lake County, Lindstedt plans to continue to publish scandalous and, allegedly, false information about numerous individuals in public forums such as this federal court.  Given his continued publication of such statements, allowing withdrawal of admissions would needlessly prolong this lawsuit and give Lindstedt a public platform Lindstedt could use to publish similar defamatory statements.

In the case pending before Judge Oliver, 1:19-cv-2103, the Court found that there were questions remaining regarding the amount of damages that should be awarded to Reo on his defamation claim.  In so holding, the Court implicitly exercised its discretion to permit Lindstedt to withdraw some of his admissions.  As in this case, Bryan Reo requested in Judge Oliver's case that Lindstedt admit that Reo had suffered a certain amount of money damages.  But Judge Oliver denied summary judgment on the issue of damages because Ohio's jury instructions on damages for defamation provide that the jury is to decide the amount of money that is reasonable and fair for injuries directly caused by the alleged defamation.  Because the requests for admission here are conclusively admitted under Fed. R. Civ. P. 36(b), it is unnecessary for the

Court to require further proof on the issue of damages.  However, because Reo has provided very little factual support for the requested award of damages and because Lindstedt is proceeding *pro se*, I recommend that the Court exercise its discretion and require further evidence to establish a reasonable amount of damages in this case.  Such a decision would also be consistent with the result reached in 1:19-cv-2103 and with my recommendation in 1:19-cv-2589.

Should the Court follow my recommendation and permit Lindstedt to withdraw his admission concerning the amount of damages on the Count I defamation claim, I recommend that the Court grant summary judgment to Reo on the liability portion of her defamation claim, but deny summary judgment on the issue of damages.  Alternatively, if the Court declines to permit Lindstedt to withdraw his admissions concerning damages, I recommend that the Court grant summary judgment in its entirety and award general damages in the amount of $250,000.00 and punitive damages in the amount of $250,000.00 to Reo on her claims against Lindstedt in this case.

### B.    Invasion of Privacy – False Light

Reo's Count II claim is for invasion of privacy (false light).  "Ohio law provides that one who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy if:

> (a) the false light in which the other was placed would be highly offensive to a reasonable person, and
>
> (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed."

*Murray v. HuffingtonPost.com, Inc.,* 21 F. Supp. 3d 879, 2014 WL 1884319 (S.D. Ohio 2014). The statement made must be untrue and the information must be publicized.  Publicizing a statement means that it "is made public, by communicating it to the public at large, or to so many

persons that the matter must be regarded as substantially certain to become one of public knowledge." *Swartz v. DiCarlo*, 2014 U.S. Dist. LEXIS 182608 at *5 (N.D. Ohio Feb. 7, 2013) (quoting *Welling v. Weinfeld*, 113 Ohio St. 3d 464, 471, 2007-Ohio-2451, 866 N.E.2d 1051, 1057.)

Some of the same admissions related to Reo's defamation claim also conclusively establish the elements of Reo's invasion of privacy claim.  In addition, request for admission number 16 specifically requested that Lindstedt admit that he was liable to Reo for invasion of privacy for the reasons stated in paragraphs 7 through 38 of Reo's complaint.  ECF Doc. 26 at 10.  Those paragraphs set forth the elements of an invasion of privacy claim.  ECF Doc. 1-2 at 5-6.  Also, in 1:19-cv-2103, the Court found that Bryan Reo was entitled to summary judgment on his invasion of privacy claim, and I have recommended granting summary judgment on this claim in 1:19-cv-2589.

Because Lindstedt has admitted the elements of a false light invasion of privacy claim by application of Fed. R. Civ. P. 36, and because he has not moved to withdraw his admissions and permitting him to do so would prejudice Reo, I recommend that the Court grant summary judgment to Reo on Count II of her Complaint.  As with her defamation claim, should the court be willing to exercise its discretion to permit Lindstedt to withdraw his admission related to the amount of damages in this case, I recommend that the Court grant summary judgment to Reo on the liability portion of her false light invasion of privacy claim, but deny summary judgment on the issue of damages.[7]

---

[7] As indicated below, it is likely that Reo's damages for defamatory statements are the same as those claimed for her invasion of privacy claim and her intentional infliction of emotional distress claim.  This is another reason to deny summary judgment on the damages portions of the claims, to ensure that Reo cannot receive double recovery for the damages she has incurred.

### C.      Intentional Infliction of Emotional Distress

Count III of Reo's complaint asserts a state law claim for intentional infliction of emotional distress.  Under Ohio law, a plaintiff claiming intentional infliction of emotional distress must show that "(1) the defendant intended to cause emotional distress or knew or should have known that his conduct would result in serious emotional distress to the plaintiff; (2) defendant's conduct was outrageous and extreme and beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; (3) defendant's conduct was the proximate cause of plaintiff's psychic injury; and (4) plaintiff's emotional distress was serious and of such a nature that no reasonable person could be expected to endure it." *Ekunsumi v. Cincinnati Restoration, Inc.,* 120 Ohio App. 3d 557, 698 N.E.2d 503, 506 (Ohio Ct. App 1997); *see also Yeager v. Local Union 20*, 6 Ohio St. 3d 369, 6 Ohio B. 421, 453 N.E.2d 666 (Ohio 1983).  Liability for intentional infliction of emotional distress "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Yeager,* 6 Ohio St. 3d at 375.

It is very difficult to establish a prima facie case for intentional infliction of emotional distress under Ohio law.  *See Baab v. AMR Servs. Corp,* 811 F. Supp. 1246, 1269 (N.D. Ohio 1993).  In 1:19-cv-2103, Judge Oliver denied summary judgment on this claim based on a finding that Lindstedt's conduct fell short of the extreme and outrageous conduct required by the Ohio Supreme Court in *Yeager.*  In so doing, the Court implicitly permitted Lindstedt to withdraw some of his admissions.  In the present case, by application of Fed. R. Civ. P. 36, Lindstedt admitted that he was liable "to Plaintiff for intentional infliction of emotional distress for the reasons articulated in Paragraphs 7 through 43 of Plaintiff's Complaint."  ECF Doc. 26 at 10.  Those paragraphs included an allegation that Lindstedt had engaged in extreme and

outrageous conduct.  ECF Doc. 1-2 at 6.  And, as already noted, Fed. R. Civ. P. 36 expressly permits admissions of both fact and application of law to fact.  Fed. R. Civ. P. 36(a)(1)(A). Thus, the Court could properly grant summary judgment to Reo on this claim.  However, as with the issue of damages, the Court may decide to deny this claim in furtherance of consistent judgments in these pending cases.

Because this Court has discretion to permit Lindstedt to withdraw some of his admissions and because Ohio law has established a high threshold for stating a prima facie claim for intentional infliction of emotional distress – including proof that the person making the claim has suffered such a great injury that she is nearly unable to function (and requiring proof of the medical care that was necessitated thereby) – I recommend that the Court deny summary judgment to Reo on her intentional infliction of emotional distress.  If the Court adopts my recommendations on Reo's claims of defamation and false light invasion of privacy, Reo will already be entitled to an award of damages.  And, it is likely that the damages for an intentional infliction of emotional distress claim would already be encompassed in the damages she seeks for her other claims.  Thus, a denial of Reo's claim for intentional infliction of emotional distress claim may prove to be of little consequence and will lead to a consistency of the judgments in cases pending in this Court.

### D.    Permanent Injunction

Finally, Reo's Count IV claim requests a permanent injunction.  Rather than a true claim in law, this count asserts a demand for a certain type of relief.  Therefore, the issuance of a permanent injunction is dependent, in part, on the Court's ruling on the other claims.  For example, if the Court grants summary judgment on Reo's defamation claim, the Court will have determined that Lindstedt engaged in conduct that would potentially cause irreparable harm to

12

Reo.  However, in order to grant an injunction, the court would also be required to find that there is no adequate remedy at law; it would be required to consider the balance of hardships between the parties; and it must decide whether it is in the public's interest to issue the injunction.  *Audi AG v. D'Amato,* 469 F.3d 534, 550 (6th Cir. 2006).  As with Reo's other claims, the Court could make these findings through the application of Fed. R. Civ. P. 36.  By application of that rule, Lindstedt has technically admitted that Reo is entitled to a permanent injunction in this case. ECF Doc. 26 at 10.

In 1:19-cv-2103, the Court granted summary judgment on Bryan Anthony Reo's claim for a permanent injunction.  The Court recognized that, normally, the "rule in equity does not enjoin a libel or slander and that the only remedy for defamation is an action for damages." *Lothschuetz v. Carpenter,* 898 F.2d 1200, 1206 (6th Cir. 1990) (quotation omitted).  However, the Court also noted that, in *Lothschuetz,* the Sixth Circuit had recognized a narrow and limited exception to the no-injunction rule could apply when equitable relief is necessary to stop "frequent and continuing defamatory statements" and that plaintiff has no other recourse to prevent harm to her personal reputation and business relations.  *Id.* at 1209 (Wellford, J., concurring in part and dissenting in part).  And, the Court cited Ohio law which recognized the availability of injunctive relief when damage to one's reputation cannot be adequately compensated monetarily.  *Sky v. Van Der. Westhuizen,* 2019-Ohio-1960, 136 N.E.3d 820, 836.

Here, the Court has discretion to grant or deny Reo's request for a permanent injunction. As noted, the application of Fed. R. Civ. P. 36 would conclusively establish the elements necessary for granting the injunction.  And, such a decision would be consistent with the judgment granted in 1:19-cv-2103.

On the other hand, the Court could exercise its discretion to permit Lindstedt to withdraw his admissions related to Reo's demand for a permanent injunction. And, the Court's decision would be supported by the fact that legal remedies *are* available for Lindstedt's defamatory statements. Indeed, if the Court accepts my recommendations, there will be an award of monetary damages (in an amount to be determined) for the same conduct that Reo is seeking to permanently enjoin in Count IV. The other benefit to denying Reo's demand for a permanent injunction would be that the Court would not undertake the responsibility to monitor the parties' conduct in order to enforce the permanent injunction. Lindstedt has been involved in prior lawsuits related to similar conduct against Bryan Anthony Reo, which (so far) have not curtailed such conduct. Thus, it is likely that the Court would be asked frequently to enforce the permanent injunction.

The Sixth Circuit Court of Appeals reviews this court's decision to grant or deny a permanent injunction for an abuse of discretion. *Howe v. City of Akron,* 801 F.3d 718, 753 (6th Cir. 2015). In another case that would have required continuing supervision by the court, the Sixth Circuit found no abuse of discretion in the district court's decision to stay an injunction. *ECIMOS, LLC v. Carrier Corp.,* 2020 U.S. App. LEXIS 26762 at *56 (6th Cir. 2020). It is likely that, given the availability an adequate remedy at law through money damages, the Sixth Circuit would uphold a decision by this Court to deny summary judgment on Reo's demand for a permanent injunction.

Because there is an adequate remedy at law for the defamatory statements involved in this lawsuit and because this Court should refrain from undertaking the role of defamation monitor, I recommend that the Court DENY Reo's demand for a permanent injunction as asserted in Count IV of her Complaint.

14

## VI.    Recommendations

Because, by application of Fed. R. Civ. P. 36, Lindstedt has admitted all of the

allegations in Reo's complaint, I recommend that the Court Grant Reo's motion for summary

judgment on the liability portions of Count I and II of her complaint.  In the interest of

consistency with another case pending in the Norther District of Ohio, 1:19-cv-2013, I

recommend that the Court exercise its discretion and permit Lindstedt to withdraw his

admissions as they relate to damages on Counts I and II and that the Court DENY summary

judgment on Count III of Reo's Complaint.  Because there are adequate remedies at law and

because issuing a permanent injunction would needlessly require the Court to supervise the

parties' conduct, I recommend that the Court DENY Reo's motion for summary judgment on her

Count IV demand for a permanent injunction.

Dated: December 1, 2020

Thomas M. Parker
United States Magistrate Judge

_____

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts
within fourteen (14) days after being served with a copy of this document.  Failure to file
objections within the specified time may waive the right to appeal the District Court's order.  See
*U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Thomas v. Arn,* 474 U.S. 140 (1985),
reh'g denied, 474 U.S. 1111 (1986).