# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| STEFANI ROSSI REO, | ) | CASE NO.1:19CV2786 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| MARTIN LINDSTEDT, | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| Defendant. | ) | |

<u>CHRISTOPHER A. BOYKO, SR. J:</u>

This matter is before the Court upon Plaintiff Stefani Rossi Reo's ("Reo") Motion for Summary Judgment.  (ECF# 26).  The Magistrate Judge issued his Report and Recommendation on December 1, 2020, recommending the Court grant summary judgment for Reo on the liability portion of her Complaint at Counts I and II; deny summary judgment for Reo on damages for Counts I and II and deny summary judgment for Reo on Count III of her Complaint, or alternatively, grant summary judgment for Reo on Counts I and II and on her damages claims. For the following reasons the Court adopts the Magistrate Judge's recommendation and grants summary judgment for Stefani Reo on Counts I and II of her Complaint and in the alternative, grants summary judgment for Stefani on damages in the amount of $250,000 in compensatory damages and $250,000 in punitive damages.

Plaintiff Stefani Reo is a Lake County, Ohio resident and is married to Bryan Reo.

Defendant Martin Lindstedt ("Lindstedt") is a resident of Missouri and is Pastor of the Church of Jesus Christ Christian/Aryan Nations of Missouri.  Bryan Reo previously sued Lindstedt and his church in Lake County Court of Common Pleas for Libel and False Light.  Bryan obtained a jury award against Lindstedt for $105,000.  That case is presently on appeal.

The present suit alleges Lindstedt made several defamatory statements against Stefani after Bryan Reo's Lake County suit, including: the Reos have difficulties in their marriage; Stefani is a transsexual prostitute; Bryan is a homosexual and Stefani is barren and cannot have children.  The Reos have filed multiple suits against Lindstedt in Lake County court.  Lindstedt removed these suits to federal district court on diversity and federal question  jurisdiction.

Stefani's Complaint alleges four claims:  Defamation (Count I), Invasion of Privacy /False Light (Count II), Intentional Infliction of Emotional Distress ("IIED") (Count III) and Permanent Injunctive Relief (Count IV).

The Magistrate Judge recommends summary judgment for Stefani on Counts I and II of her Complaint because Lindstedt failed to timely respond to Requests for Admission propounded to him on May 15, 2020.   By rule, Lindstedt was to respond to the Requests by June 15, 2020. Lindstedt failed to respond until November 9, 2020, when he filed his Opposition to Summary Judgment and disclaimed any "silent admissions."  Lindstedt's failures appear to stem largely from his pro se status which the Magistrate Judge has repeatedly cautioned him against. Lindstedt continues to represent himself and submits filings filled with racial and sex-based slurs and insults largely directed at the Reos.

Relying on Fed R. Civ. P 36, the Magistrate Judge recommends that the Court grant summary judgment for Stefani on Count I and II of her Complaint as to liability only.  The

2

Magistrate Judge examined the elements of Defamation and False Light claims in light of the express Requests for Admissions propounded to Lindstedt by Stefani and found that they satisfied all the elements.  These admissions are as follows:

REQUEST FOR ADMISSION NO. 5:  Please admit that prostitution is a crime in Ohio.

REQUEST FOR ADMISSION NO. 8:  Please admit that Plaintiff never engaged in prostitution.

REQUEST FOR ADMISSION NO. 11:  Please admit that you possess no evidence to support the alleged truth of any of the allegedly defamatory statements that give rise to Plaintiff's complaint in the instant action.

REQUEST FOR ADMISSION NO. 15:  Please admit that Defendant is liable to Plaintiff for defamation for the reasons articulated in Paragraphs 7 through 31 of Plaintiff's Complaint.

REQUEST FOR ADMISSION NO. 22:  Please admit that for purposes of First Amendment jurisprudence, Plaintiff is a non-public figure.

REQUEST FOR ADMISSION NO. 23:  Please admit that for the reasons set forth within Plaintiff's Complaint, Plaintiff suffered $250,000.00 in general damages due to Defendant's tortious conduct.

REQUEST FOR ADMISSION  NO. 24:  Please admit that for the reasons set forth within Plaintiff's Complaint, it would be just and proper for Plaintiff to be awarded $250,000.00 in punitive damages against Defendant due to Defendant's willful and malicious misconduct.

The Magistrate Judge further found that Lindstedt had never moved to withdraw his admissions such that the Court could disregard them and proceed to analyze the claims strictly on the merits.  Moreover, the Magistrate Judge cites to Sixth Circuit precedent holding that sua sponte withdrawal of admissions would contravene the purposes of Rule 36.  Consequently, the Magistrate Judge recommends summary judgment be granted for Stefani on liability on her Defamation and False Light claims.  The Magistrate Judge further recommends that withdrawing the admissions now would be prejudicial to Stefani since Lindstedt continues to file insulting and degrading responses that would only continue to inflame the Reos and needlessly prolong the

litigation.  However, the Magistrate Judge recommends denying summary judgment for Stefani on the damages portion of her Defamation and False Light claims as these are matters within the purview of the jury and Stefani has provided little evidence of damages in her filings.  As a result, the Magistrate Judge recommends that the Court exercise its discretion and permit Lindstedt to withdraw his admissions on damages.  Furthermore, the Magistrate Judge's recommendation is consistent with the ruling of the district court in similar litigation between the parties on similar claims.  Lastly, the Magistrate Judge recommends denying summary judgment on Reo's Intentional Infliction of Emotional Distress and Permanent Injunction claims by again exercising its discretion in allowing Lindstedt to withdraw his admissions since it is difficult to maintain an IIED claim under Ohio law and any damages Stefani may obtain on her IIED claim would be subsumed in her Defamation and False Light claims.  Because a Permanent Injunction is not a claim but a type of relief, the Court may consider awarding Stefani injunctive relief at the time it determines damages and Reo has adequate remedies at law that militate against the award of injunctive relief.

In the alternative, the Magistrate Judge recommends summary judgment for Reo on all her claims and damages given that the admissions would satisfy all the elements of her Defamation and False Light claims, including the amount of damages she suffered.

**Lindstedt Objections**

Though difficult to decipher due to the stream of vitriol spewed by Lindstedt throughout his filings, a few points are made clear in his Objections.  First, he asserts he has repeatedly denied the admissions the Magistrate Judge recommends be deemed admitted and which provide the basis for the recommendation that Lindstedt be found liable on Counts I and II of Plaintiff's

Complaint. Lindstedt alleges he has overtly requested the Court withdraw the admissions in his November 9, 2020 filing. Lastly, he objects to "everything" in the Magistrate Judge's Report and Recommendation.

**Stefani's Objections**

Stefani offers only a limited Objection to the Magistrate Judge's Report and Recommendation, objecting to the recommendation that her damages be denied on summary judgment. According to Stefani, Lindstedt's failure to respond to the Request for Admissions means they are deemed admitted by operation of law. These deemed admissions include admissions that Stefani was injured by Lindstedt's alleged defamatory and false light statements and that the amount of her damages equals $250,000 in compensatory damages and $250,000 in punitive damages. These admissions are as follows:

> REQUEST FOR ADMISSION NO. 28: Please admit that you damaged Plaintiff in an amount of $250,000 in general damages and $250,000 in punitive damages.

> REQUEST FOR ADMISSION NO. 29: Please admit that judgment should be entered against you, in favor of Plaintiff Stefani Rossi Reo, in the amount of $500,000.00 dollars.

Consequently, the above admissions conclusively demonstrate Stefani's damages such that further proof is unnecessary. Also, allowing some admissions to be withdrawn while enforcing others, when Lindstedt has not moved to withdraw, amounts to a sua sponte withdrawal which the law prohibits.

Stefani also objects to permitting Lindstedt to withdraw his admissions, contending it would prejudice her case because Lindstedt continues to insult and demean the Reos in his filings with the Court. In addition, her case would further be prejudiced because Lindstedt has refused to provide any discovery in the case. Moreover, when Stefani attempted to obtain expert

witnesses to testify on her psychological damages she was refused for fear of Lindstedt.  Thus, should the Court permit withdrawal of his admissions it would only needlessly prolong the litigation and continue to provide Lindstedt a public forum to further demean and degrade Stefani.

## LAW AND ANALYSIS

### Standard of Review

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(c), the District Court shall review *de novo* any finding or recommendation of the Magistrate's Report and Recommendation to which specific objection is made.  A party who fails to file an objection waives the right to appeal.  *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

> The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Put another way, 28 U.S.C. § 636(b) and Local Rule 72.3 authorize the District Court Judge to address objections by conducting a *de novo* review of relevant evidence in the record before the Magistrate Judge.  Parties are not permitted at the district court stage to raise new arguments or issues that were not presented to the magistrate.  *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000), citing *United States v. Waters*, 158 F.3d 933 (6th Cir. 1998).

6

**Requests for Admission**

       Pursuant to Fed R. Civ. P. 36(a)(3), a failure to timely respond to a Request for

Admission is deemed an admission as the Rule reads:

> A matter is admitted unless, within 30 days after being served, the party to whom
> the request is directed serves on the requesting party a written answer or objection
> addressed to the matter and signed by the party or its attorney.

       However, a party against whom unresponded-to admissions are deemed admitted may

move to withdraw the admission pursuant to Rule 36(b) which reads:

**Effect of an Admission; Withdrawing or Amending.**

> A matter admitted under this rule is conclusively established unless the court, on
> motion, permits the admission to be withdrawn or amended. Subject to Rule
> 16(e), the court may permit withdrawal or amendment if it would promote the
> presentation of the merits of the action and if the court is not persuaded that it
> would prejudice the requesting party in maintaining or defending the action on the
> merits. An admission under this rule is not an admission for any other purpose
> and cannot be used against the party in any other proceeding.

       While the plain language of Rule 36(b) requires that a request to withdraw or amend

admissions be "on motion," the Sixth Circuit has held that a formal, written motion is not

required.  See *Kerry Steel, Inc. v. Paragon Indus., Inc.,* 106 F.3d 147, 153–54 (6th Cir. 1997),

("although the defendant did not file a formal motion to withdraw, the defendant's attorney did

argue at the hearing on the motion to dismiss that the plaintiff's requests for admission should not

be deemed admitted...we are reluctant to assign talismanic significance to the attorney's failure to

use the phrase "I move.").  See also *United States v. Petroff-Kline,* 557 F.3d 285, 293–94 (6th

Cir. 2009) ("the failure to respond in a timely fashion does not require the court automatically to

deem all matters admitted.").  "[W]e have held that a formal motion is not always required.

(Internal citation omitted).   Instead, a withdrawal 'may be imputed from a party's actions,'

including the filing of a belated denial." *Id.* Quoting *Chancellor v. City of Detroit,* 454 F. Supp. 2d 645, 666 (E.D. Mich.2006).

District courts have "considerable discretion" regarding whether to permit withdrawal or amendment under Rule 36(b), *Kerry Steel*, 106 F.3d at 154.   The court's discretion must be exercised in light of Rule 36(b), which permits withdrawal (1) "when the presentation of the merits of the action will be subserved thereby," and (2) "when the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits."   However, there must first be a motion upon which the Court may consider withdrawal as it is not permitted to act sua sponte.  In regard to prejudice, "[t]he prejudice contemplated by [Rule 36(b) ] is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth." *Brook Village North Assoc. v. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir.1982).  Prejudice under Rule 36(b), rather, "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Kerry Steel*, 106 F.3d at 154.

A number of courts within this circuit have held that requests for admission which are deemed admitted by the default of a pro se litigant generally "cannot be the sole basis for granting summary judgment if [the non-responding party] was not warned in the requests for admissions of the consequence of failing to respond timely." *Gordon v. Jones,* No. 3:08CV-P460-S, 2011 WL 847926, at *6, 2011 U.S. Dist. LEXIS 23320, at *14 (W.D. Ky. Mar. 8, 2011) (citing *Harris v. Callwood,* 844 F.2d 1254, 1256 (6th Cir. 1988)); see also *Gilliam v. Ordiway,* No. 15-cv-11833, 2016 WL 6803135, at *1, 2016 U.S. Dist. LEXIS 157801, at *8 (E.D. Mich. Oct. 20, 2016); *Morris v. Christian Cty. Sheriff's Dept.,* No. 5:12-CV-00156-TBR,

2013 WL 5934151, at *5, 2013 U.S. Dist. LEXIS 158240, at *5 (W.D. Ky. Nov. 5, 2013);

*Jones-Bey v. Conrad,* No. 3:16-CV-723-DJH, 2020 WL 2736436, at *4 (W.D. Ky. May 26,

2020).  There was no warning given to Lindstedt in the Requests for Admission propounded on

him by Stefani.  However, from his filings, Lindstedt appears familiar with the consequences of

failing to timely respond to such requests.  (See ECF # 27 at 5) (In Lake County litigation, Reo

alleged Lindstedt's admissions proved his case.  Lake County Court allowed Lindstedt to rescind

his admissions on the eve of trial due to Reo's own discovery failures.)  Furthermore, Plaintiff's

summary judgment motion requested the use of such admissions as the primary basis for

judgment and the Magistrate Judge gave Lindstedt additional time for discovery to respond to

the summary judgment, presumably including an opportunity to move to withdraw his

admissions.  Lindstedt never formally or informally moved to withdraw, instead he appears to

have unilaterally "withdrawn" his admissions without leave of court.  Nor has Lindstedt

submitted his responses to the Requests for Admissions to Stefani in the form and manner

described in the Rule, if at all.  Thus, this is not the case of a party inadvertently missing the

deadline to submit their responses or not fully understanding the ramifications of missing the

response time due to his pro se status.

The Sixth Circuit has held, "the lenient treatment generally accorded to pro se litigants

has limits."  *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996).  Moreover, "pro se parties

must follow the same rules of procedure that govern other litigants."  *Barry  Wilson v. Middle*

*Tennessee State Univ. & The State of Tennessee,* No. 3:19-0798, 2021 WL 694181, at *5 (M.D.

Tenn. Feb. 23, 2021); see also *Fields v. County of Lapeera*, 2000 WL 1720727 at *2 (6th Cir.

Nov. 8, 2000).  "Ordinary civil litigants that proceed pro se are not entitled to special treatment,

including assistance with responding to dispositive motions." *Wilson* at *5 citing *Brock v. Hendershott,* 840 F.2d 339, 343 (6th Cir.1988).  The Sixth Circuit has further held, "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991).  "Pro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines."  *Id.* at 110.

Stefani filed her summary judgment on July 27, 2020, based on the admissions and on her affidavit, denying she is a transsexual and denying she is or ever was a prostitute.  In a Declaration in Response to Motion for Summary Judgment, Asking for Discovery to be Extended to Cover All Parties Once Established (ECF # 27), Lindstedt requested an extension of discovery due to the sheer number of suits the Reos have filed against him and the passing of his domestic partner in August 2020.  Lindstedt asked in his Declaration at ECF # 27 that discovery be extended because Stefani has refused to provide any discovery on her damages to Lindstedt.  Lindstedt further represented that he will "answer" Stefani's discovery requests including her Requests for Admissions on Lindstedt's Church website.  He further declared that he never called Stefani Reo a transsexual prostitute.

In response to Lindstedt's Declaration, the Magistrate Judge held a telephone status conference with the parties in September 2020.  After speaking with the parties, the Magistrate Judge ordered Lindstedt to mail his Initial Disclosures to Stefani within seven days and ordered Stefani to submit a statement to the Court on the status of her Initial Disclosures to Lindstedt.

The Magistrate Judge granted Lindstedt's Motion to Extend Discovery, ordering Lindstedt to file his Opposition to Stefani's summary judgment motion by November 9, 2020, and permitting the parties to engage in further discovery up to the response date, as necessary to oppose or reply to the pending dispositive motion.

On November 9, 2020, Lindstedt filed his Consolidated Opposition Reply Brief to the Reo's Motion for Summary Judgment.  In the caption it further states, "Withdrawal of Silent "Admissions."   In his Opposition Brief, Lindstedt states he is submitting all his consolidated answers to Reo and is "withdrawing all silent admissions yet again."  (Consolidated Brief in Opposition at 3).  He continues in his brief:  "Thus, since the admissions are withdrawn, then this Court can proceed to trial on the merits before a jury..."  (*Id* at 3-4).  Later, Lindstedt asserts that "since the admissions have been withdrawn in the time frame of further discovery set by Magistrate Parker on September 8, 2020," the Reos have "no claim to summary judgment..." (*Id*. at 5).  Lindstedt also continues to assert that Stefani Reo has failed to provide any basis for her damages.  In his Objections at ECF# 44 to the Magistrate Judge's R & R, Lindstedt claims he has "overtly asked to withdraw the implied Rule 36 admissions" in his filing of November 9, 2020.

The Magistrate Judge determined that Lindstedt never moved to have his admissions withdrawn prior to the Report and Recommendation and the Court agrees.  Instead, Lindstedt unilaterally withdrew his admissions because he did not want them used against him.  However, he never provided direct answers to the Requests for Admission in the form required by Rule 36; and, insofar as this Court is aware, has still not done so, despite knowing that failure to do so may subject him to summary judgment.

11

The Court does not believe that Rule 36 or subsequent caselaw interpreting the same allows the Court to pick and choose which admissions will be withdrawn and which will be enforced when Lindstedt has not moved to withdraw any admissions.  Because Lindstedt has not requested that only certain admissions be withdrawn, the Court must either withdraw all his admissions or none of them as the plain language of Rule 36 requires the withdrawal be "on motion;" and as the Magistrate Judge correctly determined, the Court may not withdraw admissions sua sponte.  Lindstedt's filings make clear he wants all his admissions withdrawn but he has never formally moved to do so and has never submitted his responses to the Requests.

Rule 36 is "intended to facilitate proof at trials by obviating the need to adduce testimony or documents as to matters that are really not in controversy.  Thus, Fed. R. Civ. P. 36(a)(1)(A) permits requests for admissions as to 'facts, the application of law to fact, or opinions about either.'"  *Petroff-Kline*, 557 F.3d at 293, quoting Rule 36.

On consideration of Lindstedt's and Stefani's Objections, the Court agrees with the Magistrate Judge's recommendation finding Lindstedt admitted the requests for admission and that these support the elements of Defamation and False Light.   The Court will not construe the statement in his Objection that he overtly asked the Magistrate to withdraw his requests as a request for withdrawal because the docket demonstrates Lindstedt never moved to withdraw, despite knowing the consequences for failure to do so; and because Lindstedt has not provided responses even more than eight months after they were propounded on him.

Rule 36(b) also requires that the Court consider what prejudice, if any, Stefani faces should the Court grant withdrawal.  Again, the prejudice the Court must guard against is that which  "relates to special difficulties a party may face caused by a sudden need to obtain

12

evidence upon withdrawal or amendment of an admission." *Kerry Steel*, 106 F.3d at 154.  The Magistrate Judge found Stefani would be prejudiced by the continued scandalous and insulting filings of Linsdtedt and the needless prolonging of the litigation.  In her Objection, Stefani argues against withdrawal, contending that not only would she suffer the prejudice described by the Magistrate Judge, but would also have to present her claims in the absence of any discovery from Lindstedt, who failed to provide her discovery as requested and continues to submit slanderous filings at every opportunity.  Moreover, Stefani has stated that expert witnesses declined to testify on her behalf for fear of Lindstedt.

The Court finds that much of the purported prejudice Stefani complains of is not the sort that would militate against withdrawal.  Continued slanderous filings by Lindstedt do not relate to the special difficulties Stefani will face with the sudden need to obtain evidence.  However, the fact that Lindstedt failed to provide evidence during discovery and has issued many threatening responses in his Court filings is particularly troubling to the Court and has clearly prejudiced Stefani's ability to marshal evidence in her case.

Based upon Lindstedt's continued scandalous, scurrilous and vitriol-laced filings, the Court will not show Lindstedt the leniency usually afforded pro se litigants.  Holding him to the standards of practice required of counsel, the Court will not tolerate Lindstedt's language in his filings and misuse of the judicial process.  Nor will the Court search the record to find that any of his filings constitute a request to withdraw the admissions.

By Rule the admissions are deemed admitted and these admissions conclusively support Stefani's claims for Defamation and False Light as found by the Magistrate Judge.  "Rule 36(a) allows a party to request an admission even where the request seeks admission of 'ultimate facts'

13

or 'is dispositive of the entire case.'" *Turk v. Citimortgage,* No. 05–70386, 2005 WL 2090888, at *3 (E.D.Mich.2005) (citing *Campbell v. Spectrum Automation Co.*, 601 F.2d 246, 253 (6th Cir.1979)).   "Thus matters deemed admitted can serve as a basis for the granting of a motion for summary judgment." *Id.* (citing Fed. R. Civ. P. 56(c); *First Nat'l Bank Co. of Clinton, Ill. v. Ins. Co. of N. Am.,* 606 F.2d 760, 766 (7th Cir.1979); *Dukes v. South Carolina Ins. Co.,* 770 F.2d 545, 548–49 (5th Cir.1985)).   Rule 56 itself allows the use of admissions as a basis for granting summary judgment wherein it reads:

> Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), **admissions,** interrogatory answers, or other materials.

See also *Jasar Recycling, Inc. v. Major Max Mgmt. Corp.*, No. 4:08CV2830, 2010 WL 395212, at *3 (N.D. Ohio Jan. 22, 2010) (holding that deemed admissions supported damage amounts claimed by plaintiff and granting summary judgment on the same.).

Therefore, because Lindstedt has not responded to Stefani's Requests for Admission nor moved to withdraw them, the Court adopts the Magistrate Judge's recommendation that they be deemed admitted and that these deemed admissions demonstrate there are no genuine issues of fact and Stefani is entitled to summary judgment on her Defamation and False Light claims against Lindstedt.  Moreover, the Court adopts the Magistrate Judge's recommendation in the alternative that Stefani be granted summary judgment on these claims in the amount of $250,000 in compensatory and $250,000 in punitive damages against Lindstedt based on the same admissions.  The Court further adopts the Magistrate Judge's recommendation that the Court deny summary judgment for Stefani on her IIED claim and her request for permanent injunction.

14

Pursuant to Stefani's representation in her Objection that she would dismiss these claims should the Court grant summary judgment on Counts I and II, the Court dismisses the claims in Counts III and IV.

The case shall proceed on Defendant's remaining claims.

**IT IS SO ORDERED.**

**DATE: March 30, 2021**

**s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**